Bustamante, Judge (specially concurring). I concur in the Opinion and the conclusion that there is not currently an adversity of interest that necessitates the removal of Shannon as personal representative or the appointment of Petitioner as co-personal representative. I write separately to emphasize one particular animosity in this case that threatens to injure the interests of both statutory beneficiaries long before any adversity claimed by Petitioner will: the animosity between the attorneys. The record below, the briefing in this Court, and counsels’ oral argument all reveal an unacceptable level of personal rancor. It has been disheartening to witness the attorneys unnecessarily exacerbate the animosity that is prone to otherwise exist between Shannon and Petitioner under these circumstances. I cannot know the cause of this undue animosity — perhaps there is a history of conflict between counsel; perhaps the potential for division of fees has overtaken common courtesy. Whatever the source, I fear that practically speaking, the relationship between the attorneys has deteriorated to such an extent that the attorneys risk subjugating the interests of their respective clients to their own personal vendettas. Perhaps most concerning, I am not sure that counsel appreciate where their clients’ interests end and their own personal animosity begin. My concerns lead me to disagree with the Opinion’s suggestion that use of a guardian ad litem should be “considered” by the parties and the district court. In my view, the possibility that the attorneys can work together toward the best interest of their clients is so bleak that I would require the immediate appointment of a guardian ad litem to ensure that Child’s interests are protected. I do not condemn zealous advocacy. But zeal as an end unto itself can quickly come unmoored from the client’s best interest and risk, as this case demonstrates, pushing the parties further away from a swift and reasonable resolution of their case. MICHAEL D. BUSTAMANTE, Judge